

|  | U.S. Department of Justice |
|---|---|
|  | *United States Attorney* |
|  | *District of New Jersey* |

| | | |
|---|---|---|
| RACHAEL A. HONIG | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE | 856/757-5026 |
| *Acting United States Attorney* | 401 Market Street, 4th Floor | Fax: 856/968-4917 |
| | Post Office Box 2098 | |
| KRISTEN M. HARBERG | Camden, New Jersey 08101-2098 | |
| *Assistant United States Attorney* | | |

October 15, 2021

Honorable Noel L. Hillman
United States District Judge
Mitchell H. Cohen Courthouse
One John F. Gerry Plaza
Camden, New Jersey 08101

    Re:    <u>United States v. Anthony Parker</u>
             Crim. No. 21-400 (NLH)

Dear Judge Hillman:

Please accept this letter brief as a supplement to the Government's Memorandum in Support of Its Motions *In Limine*, filed on October 1, 2021, and to its oral argument before the Court on October 13, 2021. During argument on the Government's motion to admit evidence of the FBI's active drug trafficking investigation of the defendant, the Court asked the Government whether it intended to admit evidence regarding the cash that law enforcement seized from the defendant's glove box. The Government responded affirmatively, and explained that the jury was entitled to hear the full panoply of events as they unfolded in the course of this investigation, and ought to have a full, complete, and accurate picture of what occurred. Specifically, when law enforcement executed the search warrant on the defendant's vehicle, they found a loaded and

1

stolen handgun hidden in a compartment behind the air conditioning controls in the dashboard. (Exhibit A, pgs. 3-4). They additionally found six cellphones and miscellaneous documents addressed to the defendant throughout the vehicle, and $7,785.00 in United States currency, folded in 16 separate bundles in a white plastic shopping bag, inside the defendant's glove box. (Exhibit A, pgs. 3-4). When the Court asked how the seizure of the cash was relevant to the charges, the Government stated that it did not directly prove any of the elements of the charged offenses, but that it was nevertheless relevant to the jury's full understanding of what had occurred and what the police had uncovered in its investigation. Defense counsel argued that the Government should not be permitted to admit evidence of the cash that was seized, because its probative value was substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403.

At the time the Government filed its motions *in limine*, it did not perceive the seizure of the cash as potentially objectionable other crimes evidence, and it therefore did not include notice of its intent to admit that evidence at trial. In light of the Court's questions and the defendant's objections during oral argument, and after reviewing that piece of evidence in connection with elements it must prove, the Government now seeks to formally provide notice of its intent to admit the seizure of the cash as direct, intrinsic evidence of the witness tampering charge, and in the alternative, as permissible other crimes, wrongs, or acts evidence under Fed. R. Evid. 404(b).

As the Government urged in its original Memorandum in support of its pretrial motions *in limine*, Federal Rule of Evidence 404(b) does not extend to evidence of acts that are "intrinsic" to the charged offense. Fed. R. Evid. 404(b), Advisory Committee Notes to 1991 Amendments, ("The amendment does not extend to evidence of acts which are 'intrinsic' to the

2

charged offense."); United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002) (citing Fed. R. E. 404(b) Advisory Committee note, supra); United States v. Gibbs, 190 F.3d 188, 217-18 (3d Cir. 1999); United States v. Savage, 2013 WL 420333, at *4 (E.D. Pa. Feb. 4, 2013).

As the Third Circuit Court of Appeals stated in United States v. Green, 617 F.3d 233 (3d Cir. 2010), there are two kinds of "intrinsic" evidence:

> First, evidence is intrinsic if it "directly proves" the charged offense. This gives effect to Rule 404(b)'s applicability only to evidence of "*other* crimes, wrongs, or acts." Fed.R.Evid. 404(b) (emphasis added). If uncharged misconduct directly proves the charged offense, it is not evidence of some "other" crime. Second, uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.

Green, 617 at 248-49 (citing cases, with internal quotation marks and citations omitted); see Untied States v. Gibbs, 190 F.3d at 218 (cited with approval in Green, supra) (upholding the admission of prior violent acts evidence as "intrinsic," not subject to Rule 404(b), because the evidence tended to show that the defendant used violence to further illegal objectives of the charged drug conspiracy by removing threats to himself, "since threats to [the defendant] meant threats to the trafficking enterprise").

Thus, where the evidence directly proves a material allegation of the indictment, such as a charged element, the evidence is intrinsic and it is beyond the framework of Rule 404(b). See, e.g., United States v. Hoffecker, 530 F.3d 137, 189-90 (3d Cir. 2008) (evidence that a defendant charged with commodities fraud had been given a lifetime ban on trading in precious metals, and therefore situated his venture outside the U.S., was intrinsic to the fraud and thus not subject to Rule 404(b)); see also United States v. Johnson, 578 Fed. Appx. 150 (3d Cir. 2014) (upholding admission of evidence of defendant's prior relationship as "intrinsic" to the charged crime, and

3

noting that "intrinsic evidence aids understanding by completing the story of the charged crime") (internal citations and quotations omitted).

If, on the other hand, the evidence does not qualify as direct, intrinsic evidence of the charged crimes, the Court must determine whether it is admissible as other crimes, wrongs, or acts under Rule 404(b). If the Court undertakes a Rule 404(b) analysis, the result here is the same. As the Third Circuit stated in Green,

> There is little practical difference between admitting inextricably intertwined evidence as "background" pursuant to Rules 401 and 402, and admitting it under Rule 404(b). In both cases, the evidence must be relevant, it must pass muster under Rule 403, and it must not be introduced solely to prove the defendant's criminal propensity. The only consequences of labeling evidence "intrinsic' are to relieve the prosecution of Rule 404(b)'s notice requirement and the court of its obligation to give an appropriate limiting instruction upon defense counsel's request.

Green, 617 F.3d at 247 (internal quotation marks and citations omitted). Importantly, although "Rule 404(b) is a rule of exclusion, meaning that it excludes evidence unless the proponent can demonstrate its admissibility," the rule is "also 'inclusive' in that it does not limit the non-propensity purposes for which evidence can be admitted." United States v. Repak, 852 F.3d 230, 241 (3d Cir. 2017).

To determine the admissibility of Rule 404(b) evidence, the Third Circuit Court of Appeals has adopted a four-part framework for analysis. Rule 404(b) evidence may be admitted when it is "(1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested." Caldwell, 760 F.3d at 277-78; see Repak, 852 F.3d at 242-243; see also United States v. Givan, 320 F.3d 452 (3d Cir. 2003).

First, the seizure of the cash from the defendant's glove box is intrinsic to the witness tampering charge because it directly proves that the defendant attempted to bribe the tow truck driver to steal the gun and cash out of his car when it was secured in the impound lot. The tow truck driver told law enforcement that on April 16, 2021, a woman he knew as "Sacha," who he subsequently identified as co-defendant Saidah Davis, came to his home with a black male. The tow truck driver said that the black male stated that he was the owner of the vehicle that had been towed to lot, that there was a gun *and cash* inside the vehicle, that the gun was hidden behind a panel in the dashboard, and that the male offered him $2,000 to steal the gun *and the cash* from the vehicle. (Exhibit B, pgs. 1-2; Exhibit C). The tow truck driver subsequently viewed a photo array containing the defendant's photograph and seven filler photographs. The tow truck driver definitively eliminated all but the defendant's photograph as potential suspects. (Exhibit B, p. 2). The defendant's statement to the tow truck driver is the *sine qua non* of the witness tampering count, and it is admissible because it is a non-hearsay statement of an opposing party. The fact that the defendant asked the tow truck driver to steal the cash from the vehicle and then the cash was found in the vehicle is proof that the defendant is the person who attempted to bribe the tow truck driver, and that he did, in fact, attempt to bribe the tow truck driver. The seizure of the cash is accordingly intrinsic evidence because it directly proves the witness tampering count.

In the alternative, the seizure of the cash from the glove box is admissible other crimes, wrongs, or acts evidence under Fed. R. Evid. 404(b), because it is relevant to the legitimate, non-propensity purpose of corroborating the tow truck driver's statement. The tow truck driver said that a person who claimed to be the owner of the vehicle said that he had a gun and cash stored inside the vehicle, and then the police found the gun and cash inside the vehicle. The credibility of the tow truck driver will be a hotly contested issue at trial, especially in light of the fact that he

came to the attention of law enforcement when he illegally broke into another vehicle in the impound lot and stole drugs from it.  The seizure of the cash from the vehicle, consistent with the tow truck driver's statement, corroborates the tow truck driver's statement and tends to make that statement more reliable.  See Green, 617 F.3d at 249-50 (stating that the purpose of Rule 404(b) is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person," and that the rule does not forbid any other non-propensity use of prior crimes or bad acts evidence, such as to "explain the conduct of the police, … the victim, an informer, a government witness, or the defendant").  The fact that the defendant said that he had a gun *and cash* inside the vehicle, and the fact that the police found a gun *and cash* inside the vehicle, is an additional layer of detail that further establishes the reliability of the tow truck driver.  That information should not be withheld from the jury in its quest to decide who is telling the truth, and to make a factual determination about what happened.  In addition, the seizure of the cash is relevant to the legitimate, non-propensity purpose of supplying a motive for the defendant's possession of the firearm, which was to protect the large quantity of cash that he had in his vehicle while driving through high-crime areas late at night.

     Lastly, under the 404(b) analysis, the probative value of the cash seizure is not outweighed by any inherent danger of unfair prejudice in the context of this case, where, by sheer virtue of the charges, the jury is necessarily going to hear other evidence which is more inflammatory, namely, that the defendant, a previously convicted felon, possessed a loaded, stolen gun, and attempted to bribe the tow truck driver to steal evidence out of police custody.  Moreover, if the Court determines that the evidence is not intrinsic evidence, but instead, permissible 404(b) evidence, it will issue a limiting instruction if the defendant requests one, thereby eliminating the risk of any unfair prejudice.

For all of these reasons, the Government respectfully requests this Court to hold that the seizure of the cash from the defendant's vehicle is admissible as direct, intrinsic evidence of the witness tampering charge, or in the alternative, to hold that it is admissible other crimes, wrongs, or acts evidence under Fed. R. Evid. 404(b).

Respectfully submitted,

RACHAEL A. HONIG
Acting United States Attorney

KRISTEN M. HARBERG
Assistant U.S. Attorney

Cc: Jeffrey C. Zucker, Esquire
Robert M. Gamburg, Esquire